UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN JAY SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3351** |
| **JEFFERSON PARISH SHERIFF JOSEPH LOPINTO, III, ET AL.** | **SECTION "A"(4)** |

## ORDER AND REASONS

Before the Court is the plaintiff Steven Jay Sencial's **Motion to Amend and Notice of Voluntary Dismissal (ECF No. 15)** in which he requests that defendants Deputy Kevin Smith and Sergeant Steven Rabb be voluntarily dismissed from this action. *Id.*, ¶1, at 1. Sencial also requests that he be allowed to amend his complaint to include as defendants Sgt. Charles Buckalew and Jefferson Parish in connection with his Claim No. 3, alleging failure to maintain adequate pest control in the Jefferson Parish Correctional Center. *Id.*, ¶2.

### I. Voluntary Dismissal under Fed. R. Civ. Proc. 41(a)

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure governs the voluntary dismissal of a case by a plaintiff when defendants have not filed responsive pleadings. The rule provides, *inter alia*, that a plaintiff may voluntarily dismiss an action without a court order and without consent of the defendants when the notice of dismissal is filed *before* opposing parties serve either an answer or motion for summary judgment. *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (a unilateral dismissal by a plaintiff "[i]s permissible only before the defendant has filed an answer or a motion for summary judgment.").

A plaintiff's voluntary dismissal under Rule 41(a)(l)(A)(i) is effective immediately and does not normally require further action by the Court. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a Fed. R. Civ. Proc. 41(a)(1)(A)(i) dismissal is "immediately self-effectuating" without any action by the court)). A plaintiff's expression of intent to voluntarily dismiss prior to the filing of responsive pleadings "itself closes the file. . . . There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

Sencial has submitted a clear, written statement of his intent to dismiss defendants Smith and Rabb from this civil action. Having reviewed the Complaint, Sencial has asserted no claims or factual allegations against either Deputy Smith or Sergeant Rabb. The two were simply named in the caption of his corrected form complaint. *See* ECF No. 6, at 1. In addition, service of summons was withheld when pauper status was granted to allow the Court to conduct its statutory frivolousness review under 28 U.S.C. § 1915 and § 1915A. As a result, there has been no service made on any defendant and no responsive pleadings have been filed by any defendant. For this reason, Sencial's Notice of Voluntary Dismissal is appropriate and sufficient to prompt the Clerk of Court to dismiss without prejudice and terminate defendants Deputy Smith and Sergeant Rabb pursuant to Fed. R. Civ. Proc. 41(a)(1).

## II.   Motion to Amend Complaint

Generally, Fed. R. Civ. Proc. 15(a) governs the amendment of pleadings before trial. Rule 15(a)(2) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*,

2

427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id*.

In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

Sencial's proposed amendment to add Sgt. Buckalew and Jefferson Parish as defendants would be futile and prejudicial to the current and proposed new defendants because they are malicious. In his Complaint, Sencial claimed that JPCC was infested with mice. In his claim described as Incident No. 3, he alleged that his Cell 4DR was infested with mice causing him to suffer physical reactions, swelling in his face and eyes, and blackouts while in Cell 10. ECF No. 6-1, § III, ¶13, at 9. He also alleged that Jefferson Parish Sheriff Joseph Lopinto failed to control the mice infestation in the jail. He claims that mice were in his bedding and he suffered bites and scratches, which caused him to go into shock. *Id*.

Sencial's claims regarding the mice or rat infestation at JPCC are repetitive of claims already asserted against numerous defendants in his Second Amended and Superseding Complaint

3

(ECF No. 43) filed in Civ. Action 22-4235"O"(1), pending in another division of the Eastern District of Louisiana.  In filing that superseding complaint with the aid of appointed counsel, Sencial purposely abandoned his claims against Jefferson Parish (an entity that had been named in his prior complaints) and forewent his ability to assert any additional claims against other persons arising from the incidents included in that superseding complaint, which included defendants and claims related to the alleged rat infestation and his alleged injuries therefrom.  *See* Civ. Action 22-4235"O"(1), ECF Nos. 14, 54.

Pursuant to § 1915(e) and § 1915A, a plaintiff is not allowed "to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the [prisoner]." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  A duplicative case is malicious "if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'" *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  This type of duplicitous, successive civil action qualifies as malicious under the screening statute.  *See Bailey*, 846 F.2d at 1021.  Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another *pending* federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (emphasis added) (internal quotation marks omitted); *see Lewis*, 508 F. App'x at 344; *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). The fact that the prior cases may have involved different defendants or that new claims are now asserted does not affect the maliciousness of a successive action. *Id.*; *see Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009).

Because Sencial's claims arising from Incident No. 3 against Sgt. Buckalew and Jefferson Parish would be dismissed as malicious under the screening provisions in § 1915 and § 1915A,[1] the proposed amendment is futile and would be prejudicial to the existing and proposed defendants to have to potentially respond to the same claims in different cases. Thus, having considered Rule 15(a) and the relevant factors, the Court finds no good cause to allow Sencial to amend his complaint to add Sgt. Charles Buckalew and Jefferson Parish as defendants. Accordingly,

**IT IS ORDERED** that the Clerk of Court recognize and act upon Steven Sencial's **Notice of Voluntary Dismissal (ECF No. 15)** and dismiss without prejudice defendants Deputy Kevin Smith and Sergeant Steven Rabb from this civil action as he has requested.

**IT IS FURTHER ORDERED** that Steven Sencial's **Motion to Amend (ECF No. 15) is DENIED**.

New Orleans, Louisiana, this 23rd day of February, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The maliciousness of several of Sencial's claims will be addressed in the Court's frivolousness review conducted pursuant to § 1915, § 1915A and as applicable, 42 U.S.C. § 1997e, by Report and Recommendation to be separately issued.