UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN JAY SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3351** |
| **JEFFERSON PARISH SHERIFF JOSEPH LOPINTO, III, ET AL.** | **SECTION "A"(4)** |

### REPORT AND RECOMMENDATION

Plaintiff Steven Jay Sencial, an inmate housed in the St. Tammany Parish Jail ("STPJ"), filed a pleading which has been construed as an *ex parte* **Motion to Show Cause for a Preliminary Junction and A Temporary Restraining Order (ECF No. 23)** seeking injunctive relief related to the processing of legal mail at the St. Tammany Parish Jail ("STPJ"). The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).[1] Upon review of the record, the Court has determined that this motion can be disposed of without an evidentiary hearing and without need for a response from defendants.

**I.    Background**

    **A.    Plaintiff's Claims in this Case Do Not Involve the St. Tammany Parish Jail**

While Sencial is housed in the STPJ, this 42 U.S.C. § 1983 case involve claims of medical indifference and excessive force at the Jefferson Parish Correctional Center. Following the Court's

---

[1] Without consent of the parties, a magistrate judge is without jurisdiction to issue a dispositive order on a motion for temporary restraining order and preliminary injunction. *Ritter v. Cook*, 45 F. App'x 325, 2002 WL 1899582, at *2 (5th Cir. Jul. 8, 2002) (citing *Withrow v. Roell*, 288 F.3d 199, 204-05 (5th Cir. 2002) (holding that magistrate judge must secure consent of all parties before acting pursuant to 28 U.S.C. § 636(c))).

statutory review for frivolousness, the claims remaining before the Court for further proceedings are Sencial's § 1983 medical indifference and ADA claims and state law claims of malpractice. Also pending are Sencial's claims of negligence, and intentional infliction of emotional distress against named defendants Dr. Juanita Alexander-Sallier, Dr. Philip W. Nowlin, and Clara McKinley, LPN. In addition, there is a related state law *respondeat superior* liability claim against CorrectHealth Jefferson, LLC, addressed under Incidents Nos. 1 and 3 in the Complaint, and Sencial's § 1983 medical indifference and excessive force claims. Further pending are state law claims of negligence and intentional infliction of emotional distress against Deputy Jody Lee Banks, and the related claims of *respondeat superior* liability against Jefferson Parish Sheriff Joseph Lopinto, III, addressed under Incident No. 2 in the Complaint. All of these claims arise from Sencial's incarceration in the Jefferson Parish Correctional Center ("JPCC").

B.     **Sencial's Motion for Injunctive Relief (ECF No. 23)**

Under a broad reading of the motion and attachments, Sencial and other inmates not party to this action, assert that in prior years, the STPJ provided inmate mail service five days per week. ECF No. 23, at 4 (Closing Argument). During the COVID-19 pandemic, mail service was legitimately restricted. However, after the pandemic ended, there is no legitimate interest in the jail continuing the restricted mail service, which violates the inmates First Amendment rights. Sencial contends that the STPJ's continued restrictions violates the Fourteenth Amendment's due process and equal protection clauses, where no such restrictions are exercised at other jails. Sencial also contends that it is insufficient for jail officers to declare a "security risk" without more. He claims that it runs the risk of officers abusing discretion.

In the purported affidavit signed by Sencial and several other persons,[2] it is alleged that the mail clerk at STPJ opens their legal mail outside of their presence and "denied inmates to receive legal mail." *Id*. at 3 (Declaration of Inmates). They assert that this "delays process and legal correspondence for time sensitive matters." *Id*. Broadly construing the document, they contend that mail is only delivered twice per week causing delays in access to correspondence from outside entities in violation of the First Amendment and Title 22 of Louisiana's administrative code of inmate services. Sencial and the inmates claim that the mail procedures have and will cause irreparable injury, loss, or damage if the Court does not issue a TRO under Fed. R. Civ. Proc. 65 to prevent the STPJ's ongoing violation of their constitutional rights.

## II.     Standards of Review for a TRO

An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Furthermore, in the prison setting, requests for an injunctive relief are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

---

[2] The other alleged signers did not provide inmate identification numbers and only suggest that they are inmates at STPJ.

3

In addition, injunctive relief is to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

A plaintiff seeking an injunction must show that (1) there is a substantial likelihood the party will prevail on the merits of his claims, (2) he has suffered an irreparable injury for which remedies available at law, such as monetary damages, are inadequate to compensate, (3) a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant, and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Assoc., Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). Injunctive relief should only be granted if the party seeking the injunction has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

In keeping with this, Fed. R. Civ. Proc. 65 sets forth the basic framework for the issuance of a preliminary injunction or temporary restraining order. Under this rule, a preliminary injunction may issue *inter alia* "only on notice to the adverse party." For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and

irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be heard in opposition." The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65 (b)(1).

### III.    Discussion

Sencial has provided no basis for the issuance of a TRO or PI in this case against a non-party entity for matters unrelated to the substantive claims before the Court. As an initial matter, Sencial does not indicate that the STPJ officials, nor any of the named Jefferson Parish defendants, have been placed on notice that he is seeking this this temporary or preliminary injunctive relief.

In addition, the claims at issue in Sencial's § 1983 complaint are not related to the conditions or mail processing at the STPJ. Under the broadest reading of his motion, Sencial seeks an order requiring the STPJ to stop opening mail outside of the presence of the inmate recipient and to bring the legal mail distribution into conformity with Louisiana's administrative law. The STPJ and its officials are not party to the instant civil rights suit. Because Sencial's complaint in this case does not relate to the mail procedures or any condition at STPJ, asserting such claims against STPJ officials here by amendment would be futile and prejudicial to the named defendants at the JPCC who have nothing to do with the mail at STPJ.[3] The court is unaware of any reason why Sencial or his fellow inmates could not separately file civil action(s) challenging the mail

---

[3] *See* Fed. R. Civ. Proc. 15(a)(2). The five factors considered in determining whether leave to amend is appropriate or whether there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

process at STPJ and seek injunctive relief therein if legally appropriate under the standards that follow for asserting such a claim.

Furthermore, Sencial has provided no information that would reflect that he is likely to succeed on the merits of his legal mail claims, which are not part of the substantive claims before the Court. Sencial has not alleged that any of his assertions relate to an access to the courts concern in connection with this civil rights suit to demonstrate a need for an injunctive order to be issued in this unrelated case. Sencial also faces a significant hurdle in establishing a likelihood of success on any claim related to the mail processing at STPJ. To state a claim that opening or reading legal mail violated the constitutional right of access to the courts, a plaintiff would have to demonstrate that his position as a litigant was actually prejudiced. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Every v. Jindal*, 413 F. App'x 725, 727 (5th Cir. 2011) (citing *Lewis*, 518 U.S. at 349-50; *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)); *Cochran v. Baldwin*, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). It is not sufficient for a prisoner only to establish that his mail was opened outside of his presence or without his consent. *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). To state a claim of violation of the right to free speech under the First Amendment, a plaintiff would have to show that his ability to communicate through outgoing mail was suppressed. *Damm v. Cooper*, 288 F. App'x 130, 132 (5th Cir. 2008). However, the Supreme Court "has never held that reading inmate mail violates the First Amendment." *Busby v. Dretke*, 359 F.3d 708, 722 (5th Cir. 2004).

Thus, whether considered under the access to courts or the First Amendment, a prison's practice or regulation may permissibly interfere with an inmate's mail, including his legal mail, if the practice is "reasonably related to a legitimate penological interest." *Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009) (quotation omitted) (citing *Turner v. Safley*, 482 U.S. 78, 89

(1987)); *see also Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989) (reasonableness standard applies to challenges to regulations as well as to actions of a prison official); *Langley v. Bowman*, No. 16-1607, 2016 WL 6477036, at *6-*7 (E.D. La. Aug. 8, 2016) (opening and reading inmate's mail during cell search "was not completely arbitrary" and did not violate his rights) (citation omitted), *R&R adopted*, 2016 WL 6441288, at *1 (E.D. La. Nov. 1, 2016).  There is nothing but conjecture in Sencial's motion about the legitimacy of the mail procedures at STPJ.  He has not alleged that any specific legal matter has been impinged, and no such issue appears on the record in this case.  He also recognizes that he has been told that the mail procedures are related to security interests at the jail.  He has provided nothing to suggest that any of his mail has been impinged for any other reason.  Simply put, Sencial's conclusory arguments do not meet his burden of establishing that there is a likelihood of success on the merits should such a legal mail claim against a non-party be considered in this case.

  As a derivative of this failing, the Court notes that Sencial has not alleged that he has been injured by the mail procedures at the jail.  Nevertheless, a party's injury, whether emotional or physical, is not irreparable for purposes of Rule 65 if an adequate alternate remedy in the form of monetary damages is available.  *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008); *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) (irreparable harm means an injury which cannot be adequately addressed by a monetary award).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975).

For the foregoing reasons, Sencial has failed to meet his burden under Fed. R. Civ. Proc. 65 and his motion for issuance of a temporary restraining order or preliminary injunction should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Steven Jay Sencial's Motion to Show Cause for a Preliminary Junction and A Temporary Restraining Order (ECF No. 23) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 6th day of June, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.