UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN JAY SENCIAL                                                  CIVIL ACTION

VERSUS                                                              NO: 23-3351

JEFFERSON PARISH SHERIFF                                            SECTION: "A" (4)
JOSEPH LOPINTO, III, ET AL.

**ORDER & REASONS**

On January 23, 2025, United States Magistrate Judge Karen Roby issued a **Report and Recommendation (Rec. Doc. 45)** with findings as to the **Motion to Dismiss Plaintiff's Claims (Rec. Doc. 40)**, filed by Defendants CorrectHealth Jefferson, LLC ("CorrectHealth"), Dr. Juanita Alexander-Sallier, Dr. Phillip Nowlin, and Clara McKinley, LPN. On February 6, 2025, Plaintiff Steven Sencial filed his **Objection to Report and Recommendation and Request for Leave to Amend Complaint (Rec. Doc. 45).** The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Plaintiff's objection to the Magistrate Judge's Report and Recommendation, hereby adopts the Report and Recommendation of United States Magistrate Judge, and grants Plaintiff leave to amend his complaint for the purpose of naming Dr. Nowlin and Dr. Alexander-Sallier in their official capacities.

**I.   Standard of Review**

The district court conducts a de novo review of any part of the Magistrate Judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is

filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II.   Background

Plaintiff was a pretrial detainee housed in the Jefferson Parish Correctional Center ("JPCC") when he filed this *pro se* and *in forma pauperis* complaint naming the following defendants: Jefferson Parish Sheriff Joseph Lopinto III, in his individual and official capacities; CorrectHealth Jefferson, LLC; and Deputy Jody Lee Banks, Deputy L. Preatto, Dr. Juanita Alexander-Sallier, Dr. Phillip W. Nowlin, Clara McKinley, LPN, Dr. Lumbar, Sgt. Steven Rabb, and Deputy Kevin Smith—each in their individual capacity.[1] The complaint generally challenges the length and conditions of his confinement, the alleged use of excessive force, and the adequacy of the medical care received at JPCC.[2] It also makes claims under Section 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").[3]

On April 15, 2024, Magistrate Judge Roby conducted a frivolousness review and issued a Partial Report and Recommendation[4] that outlined Plaintiff's factual allegations and based on his complaint and a review of more than 380 pages of administrative grievance forms, responses, medical care requests, and other medical records received from Plaintiff for the purpose of clarifying the factual and legal bases of his complaint.[5] The instant motion to dismiss was filed six months later.[6]

---

[1] Rec. Doc. 45, at 1.
[2] Rec. Doc. 45, at 1.
[3] Rec. Doc. 45, at 1.
[4] Rec. Doc. 18.
[5] Rec. Doc. 45, 2 (citing *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) for the proposition that courts may use questionnaires and prison records to clarify the factual and bases of a prisoner's claims and the responses are treated "in the nature of a motion for more definite statement" under Federal Rule of Civil Procedure 12).
[6] *See* Rec. Doc. 40.

On January 23, 2025, the Magistrate Judge issued a Report and Recommendations wherein she recommended this Court grant-in-part the pending motion to dismiss as to: (i) Plaintiff's ADA and RA claims against Drs. Nowlin and Alexander-Sallier in their individual capacities;[7] and (ii) Plaintiff's state law claims of malpractice and negligence against Dr. Nowlin, Dr. Alexander-Sallier, and Nurse McKinley, and the related *respondeat superior* claims against CorrectHealth.[8] The report further recommended that this Court deny-in-part the pending motion to dismiss as to: (i) Plaintiff's claims of medical indifference against Nurse McKinley; (ii) Plaintiff's state law intentional tort claims against Dr. Nowlin, Dr. Alexander-Sallier, and Nurse McKinley; and (iii) the related *repondeat superior* claims against CorrectHealth.[9]

Plaintiff timely objected to the Report and Recommendation on the sole basis that "his intent was to address actions performed by the defendants within their roles at the Jefferson Parish Correctional Center," and, due to his *pro se* status, he should be granted leave to amend his complaint to assert his ADA and RA claims against Dr. Alexander-Sallier and Dr. Nowlin in their official capacities.[10] Accordingly, the Court limits its de novo review to the Magistrate Judge's disposition of Plaintiff's ADA and RA claims.

**III.   Discussion**

The Magistrate Judge correctly recommended that Plaintiff's claims against Dr. Nowlin and Dr. Alexander-Sallier in their individual capacities should be dismissed with prejudice,[11] and

---

[7] The Magistrate Judge recommended these claims be dismissed with prejudice because a plaintiff cannot sue an individual under the ADA or RA, and there was "no clear statement by [Plaintiff] asserting or demonstrating an intent to assert the ADA (or RA) claim against CorrectHealth itself . . . ([or] against either doctor in an official capacity)." Rec. Doc. 45, at 14, 19–20.
[8] The Magistrate Judge recommended these claims be dismissed without prejudice as premature. Rec. Doc. 45, at 20.
[9] Rec. Doc. 45, at 20.
[10] Rec. Doc. 46, Rec. Doc. 46-1.
[11] *See Bellow v. Bd. of Sup'rs of La. State Univ. & Agr. & Mech. Coll.*, 913 F. Supp. 2d 279, 288 (E.D. La. 2012) (explaining that individual liability under the ADA cannot be imputed on individuals who do not otherwise qualify as an employer under the Act).

the Court notes that Plaintiff did not seek leave to amend his complaint until after the Report and Recommendation was docketed. But it also acknowledges that (i) "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed," *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citation omitted), and (ii) Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'") (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

With this in mind, the Court briefly considers whether Plaintiff has already pleaded his "best case"—which, if true, would serve to bar his request for leave to amend his complaint. *Brewster*, 587 F.3d at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). A plaintiff has pleaded his best case after he is "apprised of the insufficiency" of his complaint, and he may indicate he has not pleaded his best case by stating material facts that he would include in an amended complaint to overcome the deficiencies identified by the court. *Dark v. Potter*, 293 Fed. App'x. 254, 257 (5th Cir. 2008) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985)); *see also Brewster*, 587 F.3d at 767–68.

Here, Plaintiff was apprised of the insufficiency of his ADA and RA claims by the Magistrate Judge's Report and Recommendation and subsequently sought leave to amend the complaint. As such, he had not yet pleaded his best case when he sought leave to amend. Additionally, his proposed amendment—naming Dr. Nowlin and Dr. Alexander-Sallier in their official capacity—would cure the deficiency.

4

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 40)**, filed by Defendants Dr. Phillip Nowlin, Dr. Juanita Alexander-Sallier, Clara McKinley, LPN, and CorrectHealth Jefferson, LLC is **GRANTED in-part** to dismiss with prejudice Plaintiff's ADA and RA claims against Dr. Nowlin and Dr. Alexander-Sallier in their individual capacities and to dismiss without prejudice Plaintiff's state law claims of malpractice and negligence urged against Dr. Nowlin, Dr. Alexander-Sallier, Nurse McKinley, and related *respondeat superior* claims against CorrectHealth as premature; and **DENIED in-part** as to permit (i) Plaintiff's claims of medical indifference against Nurse McKinley, (ii) his state law intentional tort claims against Dr. Nowlin, Dr. Alexander-Sallier, and Nurse McKinley, and (iii) the related *respondeat superior* claims against CorrectHealth **to proceed forward.** The claims proceeding forward shall remain referred to the Magistrate Judge for further pretrial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order's entry to amend his complaint for the purpose of naming Dr. Nowlin and Dr. Alexander-Sallier in their official capacities.

April 15, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE