**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEVEN JAY SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3351** |
| **SHERIFF JOSEPH LOPINTO III, ET AL.** | **SECTION (4)** |

**ORDER AND REASONS**

Plaintiff Steven Jay Sencial ("Sencial") filed a **Motion for Reconsideration (ECF No. 107)** of the Court's April 14, 2026, Order and Reasons granting defendants CorrectHealth Jefferson LLC, Dr. Juanita Alexander-Sallier, Dr. Philip W. Nowlin, and Clara McKinley LPN's motion for summary judgment. ECF No. 95. In the motion, Sencial moves for reconsideration under Fed. Rules of Civ. Pro. 59(e) and 60(b). In support of his motion, Sencial states that he exhausted all his administrative remedies, the Defendants showed deliberate indifference to his serious medical need, genuine issues of material fact remain on his ADA and RA claims, and that the Court gave undue weight to the Medical Review Panel's opinion. ECF No. 107 at 1-2.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.l (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). The Fifth Circuit has "consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Lavespere*, 910 F.2d at 173 (citations omitted).

Rule 59 provides that a "motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Under which Rule the motion falls turns on the time at which the motion is served." *Lavespere*, 910 F.2d at 173. If the motion is served within [twenty-eight] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id*. (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir. 1986)).

Given that Sencial filed his motion within 28 days of the entry of the judgment, his motion for reconsideration falls under Rule 59(e)."Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 976 (2004).

The Fifth Circuit has repeatedly specified that the purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned

absent an abuse of discretion. *Southern Contractors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

First, Sencial states that he was unable to exhaust his claims and, therefore, summary judgment on those grounds was made in error. ECF No. 107 at 3. However, nowhere in the Court's Order and Reasons did the Court address whether Sencial exhausted his claims against these defendants. ECF No. 95. Sencial argues that genuine issues of material facts exist regarding Defendants' deliberate indifference to his serious medical needs. ECF No. 107 at 3. This argument was previously considered and rejected by the Court.

Next, Sencial states that genuine issues of material fact exist surrounding his ADA and RA claims. However, the Court established that Sencial was unable to bring an ADA claim against Defendants due to their employment by a private entity and that, even if he could bring a claim, mere disagreement with the standard of care he received does not create a violation of the ADA/RA. ECF No. 95 at 15.

Finally, Sencial states that the Court should not have used the Medical Review Panel's opinion as a basis for summary judgment. ECF No. 107 at 3. This argument was also already considered by the Court, as the Court concluded that the Medical Review Panel's opinion could not be used as unrebutted evidence for summary judgment purposes. ECF No. 95 at 16.

Sencial has failed to demonstrate any basis for this Court to reconsider the granting of Defendants' motion for summary judgment. Sencial has not demonstrated any error in fact or law in the prior decision, or change in the law, which warrants reconsideration. Sencial has also failed to demonstrate that a manifest injustice will occur as a result of the Court's ruling on the motion for summary judgment. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."

*Atkins v. Marathon LeTourneau Co*., 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citation omitted).

Accordingly,

      **IT IS ORDERED** that Steven Jay Sencial's **Motion for Reconsideration (ECF No. 107)** is **DENIED**.

      New Orleans, Louisiana, this 20th day of May, 2026.

                             **KAREN WELLS ROBY**
                       **UNITED STATES MAGISTRATE JUDGE**